# In the United States Court of Federal Claims

No. 18-883C
(Filed December 20, 2018)
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                     \*
                                     \*

**ANTHONY M. AUGUSTA,**       \*

                   Plaintiff,     \*

    v.                    \*

**THE UNITED STATES,**      \*

                 Defendant.   \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

The matter before this court is defendant's motion to dismiss this case. Anthony M. Augusta, acting *pro se*, brought this action alleging that the Department of Veteran Affairs (VA) violated his constitutional due process rights and the Veterans Claims Assistance Act, 38 U.S.C. §5103(a), in its handling of his claims for service-connected disability. The government moved for a dismissal of the complaint, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), on the ground that the doctrine of *res judicata* bars plaintiff from relitigating these claims. Alternatively, the government moved for dismissal of the complaint with prejudice on the ground that the court lacks subject matter jurisdiction over plaintiff's claims. For the reasons stated below, the court **GRANTS** defendant's motion to dismiss this case.

## I. BACKGROUND

On April 16, 2018, Mr. Augusta filed his first complaint in this court against the United States for alleged violations of Fifth Amendment due process rights, the Veterans' Judicial Review Act,[1] and the Veterans Claims Assistance Act. Compl. ¶ 1, *Augusta v. United States*, No. 18-562 (Fed. Cl. Apr. 16, 2018), ECF No. 1 (*Augusta I* Compl.). Mister Augusta based jurisdiction over his claims on the Tucker Act, 28 U.S.C. § 1491. *Id.* ¶ 2. According to Mr. Augusta's first complaint in this court, he initially filed a service-related disability claim with the VA on August

---

[1] Pub. L. No. 100-687, 102 Stat. 4105 (1988).

2, 2006. *Id.* ¶ 6. Plaintiff subsequently filed claims with the VA multiple times because, according to plaintiff, the VA illegally denied his claims. *Id.* Mister Augusta states in his first complaint that the New York Regional Office of the VA denied plaintiff's second claim in 2008, for lack of subject matter jurisdiction over an "1151 Tort Claim." *Id.* Mister Augusta noted that "[t]his was the same year that the NY [RO] Regional Office was caught falsifying dates on claims, in order to make claims appear as if they were being processed in a timely manner," and alleged that the New York Regional Office "never worked on [his] disability claim" but "[i]nstead waited one year and sent a denial to a[n] 1151 claim that did not exist". *Id.* ¶ 6. Plaintiff then filed a third claim with the VA in 2009. *Id.* This court *sua sponte* dismissed Mr. Augusta's first complaint for lack of subject-matter jurisdiction. *See Augusta v. United States (Augusta I)*, No. 18-562C, 2018 WL 2227779, at *1 (Fed. Cl. May 16, 2018).

On June 19, 2018, plaintiff filed a nearly identical second complaint in this court. *See,* Compl. at 1–4. In his second complaint, plaintiff raises alleged violations by the United States of his Fifth Amendment due process rights and the Veterans Claims Assistance Act, as he did in his first complaint, but replaces the alleged violation of the Veterans' Judicial Review Act with an alleged violation of Fourteenth Amendment due process rights. *Compare* Compl. ¶ 1 (including an allegation of violations of due process rights under the Fourteenth Amendment), *with Augusta I* Compl. ¶ 1 (including an allegation that the United States violated the Veterans' Judicial Review Act). Plaintiff adds an additional ground of jurisdiction in his new complaint, citing 42 U.S.C. § 1983, and states that the Court of Appeals for Veterans Claims has no jurisdiction over constitutional arguments. *See* Compl. ¶ 2.[2] Finally, in his new complaint plaintiff also makes a reference to veterans' benefits as property interests. *See* Compl. ¶ 6 (stating that, "disability benefits is [sic] a property right protected under the Fifth and Fourteenth Amendment[s] of the Constitution").[3]

---

[2] Section 1983 does not apply to actions of the federal government, *see Hardin v. United States*, No. 15-585C, 2015 WL 6437379, at *4 & n.5 (Fed. Cl. Oct. 22, 2015), and does not confer jurisdiction on our court, *see Khalil v. United States*, 133 Fed. Cl. 390, 392 (2017).

[3] To the extent that a claim might be construed as one falling under the Fifth Amendment Takings Clause, the Court notes that the Federal Circuit has held that veterans' benefits are not property interests under the Takings Clause. *See Schism v. United States*, 316 F.3d 1259, 1268 (Fed. Cir. 2002); *see also Adams v. United States*, 391 F.3d 1212, 1225 (Fed. Cir. 2004) (discussing federal employment benefits generally).

The government has moved to dismiss this case on the ground that the claims are barred by *res judicata*. Def.'s Mot. at 1. The government alternatively moves to dismiss the case due to this court's lack of subject-matter jurisdiction. *Id.*

## II. DISCUSSION

### A. Applicable Legal Standards

Under RCFC 12(b)(1), a complaint must be dismissed when the court lacks jurisdiction over the complaint's subject matter. In considering a motion to dismiss for want of subject-matter jurisdiction, the court will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in a light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002). If the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996). A plaintiff has the burden of establishing the court's jurisdiction over his claim. *See Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746, 747–48 (Fed. Cir. 1988).

*Pro se* litigants are normally allowed great leeway in presenting their claims. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Although a court must afford leniency to the plaintiff who acts in a *pro se* capacity, *see, e.g., Castro v. United States*, 540 U.S. 375, 381–82 (2003); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines*, 404 U.S. at 520–21, such a party is not exempt from the requirement that he plead facts sufficient to state a claim within the court's jurisdiction.

A court must also dismiss a complaint that seeks to relitigate a matter that another court of competent jurisdiction has already decided. Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that the same parties or privies raised or could have raised in that action. *See, e.g., Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Int'l Air Response v. United States*, 302 F.3d 1363, 1368 (Fed. Cir. 2002).[4]

---

[4] As a technical matter, when the doctrine of *res judicata* is applied to the question of jurisdiction it is more appropriately categorized as concerning issue preclusion instead of claim preclusion. *See Chisolm v. United States*, 82 Fed. Cl. 185, 199, aff'd, 298 F. App'x 957 (Fed. Cir. 2008). But in any event, the government is correct that its motion to dismiss this case, based on the doctrine of *res judicata*, presents a question regarding our jurisdiction. *See, e.g., Verdone v. United States*, No. 04-801C, 2005 WL 6112626, at *3 (Fed. Cl. May 31, 2005).

## B. Jurisdiction

The Tucker Act confers subject matter jurisdiction upon this court over "any claim against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000). The Tucker Act itself, however, "does not create any substantive right enforceable against the United States for money damages". *United States v. Testan*, 424 U.S. 392, 398, *reh'g denied*, 425 U.S. 957 (1976)). For a plaintiff to come within the jurisdiction of the Tucker Act and its waiver of sovereign immunity, that plaintiff must also invoke a money-mandating federal statute, regulation, contract, or Constitutional provision "that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

## C. *Res Judicata* Bars this Complaint from Our Jurisdiction

The complaint filed in this case is nearly identical to the complaint Mr. Augusta filed in this court on April 16, 2018, which was dismissed for lack of subject-matter jurisdiction. *See Augusta I* Compl.; *Augusta I*, 2018 WL 2227779, at *2–3. Plaintiff has filed both a response and, with the leave of this Court, a sur-reply to the points raised in the government's motion to dismiss the case. *See* Resp. to Mot. to Dismiss (Pl.'s Resp.), ECF No. 7; Pl.'s Sur-reply, ECF No. 10. His response to the government's motion serves to generally reassert the claims stated in his complaint and to note the liberal pleading standards afforded to plaintiffs. *See* Pl.'s Resp. at 1–5. In plaintiff's sur-reply, he at least mentions the relevant prongs under *res judicata* and collateral estoppel, but he does not seriously contend that his claims are not barred by the application of these doctrines. *See* Pl.'s Sur-reply at 1–4. Nevertheless, in light of Mr. Augusta's *pro se* status, the Court has undertaken the analysis to determine whether his claims are barred by *res judicata*.

Plaintiff unquestionably seeks to relitigate his claims that the VA's denials of his service-related disability applications constituted violations of his due process rights under the Fifth Amendment and of the Veterans Claims Assistance Act, 38 U.S.C. §5103(a). Compl. ¶ 1. He also now alleges that these same denials by the VA amounted to a violation of his due process rights under the Fourteenth Amendment. *Id*. The first two claims were already decided against him on the basis of subject matter jurisdiction in this court. *See Augusta I*, 2018 WL 2227779, at *2–3. Mister Augusta is thus barred from relitigating the issue of subject-matter jurisdiction of these claims, which he brought in his first action. *See, e.g., Int'l Air Response*, 302 F.3d at 1368. The third claim he raises as to due process under the Fourteenth Amendment relates to the same underlying facts about the VA's denials of his applications for service-related disability and is thus also barred by the doctrine of *res judicata*. *Id*. Accordingly, the court may not exercise jurisdiction

because the matter of jurisdiction has already been determined by our court in a final judgment. *Id.* Dismissal is thus required on this basis.

## D. The Court Lacks Jurisdiction over Plaintiff's Claims

Were the court not barred by the doctrine of *res judicata* from revisiting the question of our court's jurisdiction, it would still be compelled to find a lack of jurisdiction over the subject matter of this case. Plaintiff raises claims of due process violations under the Fifth and Fourteenth Amendments. Compl. ¶ 1.[5] But the Due Process clauses of the Fifth and Fourteenth Amendments are not money-mandating, and thus their violation would not be within our court's jurisdiction. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Due Process clause of Fifth and Fourteenth Amendments are not money-mandating).[6]

Plaintiff also alleges a violation of the Veterans Claim Assistance Act, 38 U.S.C. §5103(a). Compl. ¶1. But this also falls outside of our court's jurisdiction. After a VA Regional Office has made a decision, the Secretary and the Board of Veterans' Appeals review such decisions. 28 U.S.C § 7104(a). It is then reviewed by the Court of Appeals for Veterans Claims, which has "exclusive jurisdiction" regarding decisions of the Board of Veteran's Appeals. 38 U.S.C. 7252(a). This court has repeatedly held that it lacks jurisdiction over veterans' disability benefits. *See Janaskie v. United States*, 77 Fed. Cl. 654, 657–58 (2007); *Sullivan v. United States*, 46 Fed. Cl. 480, 487 (2000).

For these reasons, the Court finds that it lacks subject-matter jurisdiction over the allegations in Mr. Augusta's complaint. Thus, dismissal is required.

## III. CONCLUSION

Because the court lacks subject matter jurisdiction over the plaintiffs' claims, the government's motion to dismiss this case is hereby **GRANTED**. Plaintiff's application to proceed *in forma pauperis* is also **GRANTED**. The Clerk shall close the file.

---

[5] The Court notes that the first section of the Fourteenth Amendment, which includes the Due Process clause, does not restrict the federal government. *See San Francisco Arts & Athletics, Inc. v. United States Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987).

[6] The Due Process Clause of the Fifth Amendment may only be a basis for our jurisdiction when a claim concerns an illegal exaction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996); *Coleman v. United States*, No. 13-431, 2014 WL 949984, at *3 (Fed. Cl. Mar. 7, 2014). Plaintiff alleges no such claim in this case.

IT IS SO ORDERED.

_____
VICTOR J. WOLSKI
Judge